**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HAROLD D. ROBERTS,

        Petitioner,

v.                                                           Case No. 10-10468

MICHAEL BOUCHARD,

        Respondent.
                                        /

**OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION WITHOUT
PREJUDICE; AND (2) AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY**

Petitioner Harold D. Roberts is presently incarcerated at the Oakland County Jail in Pontiac, Michigan. He is incarcerated pursuant to a recently rendered conviction for possession of counterfeit prescription forms. He has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Petitioner has not yet exhausted his state court remedies, the court shall dismiss the petition without prejudice.

**I. BACKGROUND**

Petitioner pleaded guilty but mentally ill in Oakland County Circuit Court to possession of counterfeit prescription forms. On January 10, 2010, he was sentenced to one year imprisonment to be followed by two years probation.

Petitioner states that he has not appealed his conviction or sentence to the Michigan Court of Appeals or Michigan Supreme Court.

Petitioner filed the pending petition on February 3, 2010. He raises the following

claims: (i) plea is not supported by the record because Petitioner was not mentally ill; and (ii) ineffective assistance of counsel.

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 cases provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

2

Petitioner states that he has not appealed his conviction in state court because his appeal was not processed by the court. Petitioner does not specify what steps he took to attempt to file an appeal or in what way the court failed to process his appeal. M.C.R. 7.205(F) allows an applicant twelve months from the entry of the judgment or order being appealed to file a delayed application for leave to appeal in the Michigan Court of Appeals. Accordingly, the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals has not expired. Therefore, Petitioner has an available remedy in state court to exhaust his claims, and his conclusory statement that the court failed to process his appeal does not establish that exhaustion would be futile.

Where a petition contains both exhausted and unexhausted claims, the Sixth Circuit Court of Appeals has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). *See also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies). The Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719-21 (6th Cir. 2002).

In this case, the petition contains no exhausted claims over which the court may retain jurisdiction. In addition, because Petitioner's conviction is not yet final, the one-year limitations period applicable to the filing of a habeas petition has not yet

3

commenced.  *See* 28 U.S.C. § 2241(d)(1).  Thus, the court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

### III.  CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[1]  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.  The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong.  The court thus declines to issue Petitioner a certificate of appealability.

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.

## IV.  CONCLUSION

IT IS ORDERED that Petitioner's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" [Dkt. # 1] is DISMISSED.

IT IS FURTHER ORDERED that the court DECLINES to issue Petitioner a certificate of appealability.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  February 25, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 25, 2010, by electronic and/or ordinary mail.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager